Defendant filed a motion to dismiss plaintiffs appeal on the ground that plaintiff failed to file assignments of error as required by Rule 701 and failed to file a brief. However, in its discretion, the Commission declines to dismiss the appeal. Defendants motion is DENIED.
Having reviewed the record, and finding no good grounds to receive further evidence or rehear the parties or their representatives, the Full Commission, upon reconsideration of the evidence, affirms the Opinion and Award of the Deputy Commissioner, with minor modifications.
The Full Commission finds as fact and concludes as matters of law the following, which were entered into by the parties at the hearing as:
 STIPULATIONS
1. The parties are bound by and subject to the North Carolina Workers Compensation Act.
2. At all relevant times, an employment relationship existed between plaintiff and defendant.
3. Defendant is duly self-insured and Key Risk Management Services is the Servicing agent.
4. Plaintiffs medical records were stipulated into evidence and stipulated as Stipulated Exhibit 1.
5. The Form 22 indicating plaintiffs wages for the year prior to his injury were stipulated into evidence as Stipulated Exhibit 2.
6. Employees initial report of injury was stipulated into evidence as Stipulated Exhibit 3.
7. Employees time reports were stipulated into evidence as Stipulated Exhibit 4.
8. Plaintiffs statement to the claims representative for Key Risk Management Services was stipulated into evidence as Stipulated Exhibit 5.
9. The issues before the deputy commissioner were (i) whether plaintiff sustained an injury by accident arising out of and in the scope of his employment for defendant on or about 25 August 1998; and (ii) if so, what compensation, if any, is due plaintiff.
 ***********
The Full Commission adopts the findings of fact found by the Deputy Commissioner as follows:
 FINDINGS OF FACT
1. At the time of the hearing, plaintiff was 52 years old. Plaintiff has a high school education and three years of college.
2. Plaintiff has received management training as offered by defendant.
3. Plaintiff had been employed by the North Carolina Department of Correction for fourteen years prior to his assignment at the Pender Correctional Center.
4. Plaintiff began his employment at the Pender Correctional Center in 1994. Plaintiff worked 40 hours a week as a Correctional Officer. Plaintiff has always been a Correctional Officer employed by defendant. Plaintiff initially earned $17,000.00 a year as a Correctional Officer. Plaintiffs salary was increased to $24,885.47 at the time of his alleged injury. Plaintiffs average weekly wage was $478.57.
5. Plaintiffs daily duties included observing inmates at various guard posts throughout the prison. Plaintiff was responsible for assuring that inmates do not violate prison policy and procedures and that prisoners carry out their daily schedules. Plaintiffs captain would make daily assignments based upon the personnel needs for the prison unit.
6. Plaintiffs immediate supervisor was the sergeant for the area to which plaintiff was assigned. A lieutenant would supervise the sergeant.
7. As part of plaintiffs certification as a North Carolina Correctional Officer, plaintiff was required to attend certification classes offered at the local community college. One of the classes offered during this certification curriculum was self-defense.
8. Plaintiff asserts that he attended this class on or about 25 August 1998 as a hurricane was approaching the Pender County area.
9. During the self-defense course, the instructor indicated that he wanted to move through the procedures as quickly as possible because of the approaching hurricane. Plaintiff contends while he was assisting another officer in practicing one of the procedures, the officer pulled plaintiffs arm behind his back, at which time plaintiff contends he felt a pop. Plaintiff asserts he felt immediate pain in his left arm from his elbow to his shoulder.
10. Plaintiff did not indicate to the supervising officer or the instructor that he had injured himself in any way during the course of the instruction. Plaintiff completed the instruction and returned home.
11. In route to his home, plaintiff picked up various supplies in preparation for the approaching hurricane.
12. Plaintiff contends that he was having increasing pain and swelling and indicated to Lieutenant Wood that he was not feeling well and had to leave work. Plaintiff did not indicate to Lieutenant Wood or any other individual in a supervisory capacity that he had injured himself during the course of the self-defense training or that his injury arose from his employment.
13. Plaintiff contends that he presented himself to a chiropractor in Wilmington for the initial treatment. Plaintiff indicated to the chiropractor that he had significant pain in his neck and arm.
14. Plaintiff did not report an on-the-job injury within 30 days of the alleged injury. When plaintiff finally reported the injury, he could not identify the specific date. During the interim, plaintiff had performed his job as usual.
15. Plaintiff was treated by Black River Medical Services. Black River Medical Services referred plaintiff to an orthopedic specialist.
16. The orthopedic specialist recommended a MRI, which plaintiff declined.
17. Plaintiff was seen by Dr. John S. OMalley, who determined that plaintiff had a rotator cuff tear. Dr. OMalley recommended that plaintiff be out of work for approximately 60 days and prescribed strengthening exercises.
18. On 4 January 1999, plaintiff indicated to Dr. OMalley that he felt he was able to return to work without restriction. Dr. Carter with Wilmington Orthopedic Group released plaintiff to return to work to full duty without restriction on 4 January 1999.
19. Plaintiff returned to his employment and worked three or four days in January 1999. Plaintiff contends he was unable to perform his normal duties and resigned from his job after he failed to report to work for four consecutive days. In January 1999, plaintiff did not have any additional sick or vacation leave.
20. Plaintiff voluntarily left his employment. Plaintiff did not indicate to his supervisors that he was unable to perform his work as a result of a work-related injury at the time of his resignation.
21. Plaintiff has been employed by his wife in operating a crafts business since 1 February 1999. Plaintiff earns approximately $250.00 per week for this work.
22. The date plaintiff asserts as the date of this injury was a day when plaintiff did not work.
23. The greater weight of the evidence fails to show that plaintiffs neck and arm injury were caused by or related to plaintiffs employment with defendant.
24. The deputy commissioner did not accept plaintiffs testimony as credible, and the undersigned decline to reverse that credibility assessment in this case.
 ***********
Based upon the findings of fact, The Full Commission concludes as follows:
 CONCLUSIONS OF LAW
1. Plaintiff did not sustain an injury by accident arising out of or in the course of his employment with defendant on or about 5 August 1998. G.S. 97-2(6).
2. Plaintiff is not entitled to benefits under the Act. Id.
 ***********
Based on the foregoing findings of fact and conclusions of law, the Full Commission affirms the holding of the Deputy Commissioner and enters the following:
 ORDER
1. Plaintiffs claim is DENIED.
2. Each side shall bear its own costs.
 S/______________ RENE C. RIGGSBEE COMMISSIONER
CONCURRING:
S/___________________ BERNADINE S. BALLANCE COMMISSIONER
S/_______________ LAURA K. MAVRETIC COMMISSIONER